UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCELLIX, INC.,
*a Maryland corporation*,

    Plaintiff,

v.                                            Case No. 8:25-cv-440-TPB-AEP

CHRISTIAN AGUILERA-SANDOVAL,

    Defendant.
_____/

**ORDER DENYING IN PART AND DEFERRING IN PART "PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW"**

This matter is before the Court on "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law," filed by counsel on February 21, 2025. (Doc. 2). After reviewing the motion, court file, and the record, the Court finds as follows:

Plaintiff is a medical equipment manufacturer suing Defendant – a former employee of Plaintiff – for breaching contractual obligations owed to Plaintiff by allegedly operating a competing consulting company where he has made use of Plaintiff's trade secrets and other confidential business information. Plaintiff's complaint seeks damages and injunctive relief under theories of breach of contract and breach of the common law duty of loyalty.

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining

order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

Plaintiff asserts that in response to previous correspondence, Defendant has only increased his LinkedIn posts offering his competing product. Plaintiff states that it believes further notice would lead to Defendant's divulging additional confidential information. The Court finds these assertions insufficient to demonstrate that notice to Defendant and a hearing on the motion are impractical. Absent a showing of emergency, the Court is not able to address Plaintiff's allegations without input from Defendant.

Because Plaintiff has failed to meet the high burden for the issuance of a TRO, "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law" must be denied. Although Plaintiff is not entitled to a TRO, the Court will consider the motion for preliminary injunction after Defendant is served with a copy of the complaint and a copy of the motion and given an opportunity to respond.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law" (Doc. 2) is hereby **DENIED** to the extent that Plaintiff seeks a temporary restraining order.

(2)   Plaintiff is **DIRECTED** to immediately serve on Defendant a copy of the complaint, a copy of "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law," and a copy of this Order. Plaintiff is further **DIRECTED** to file proof of service on or before Friday, March 7, 2025.

(3)   The Court will hold a status conference in this matter on Monday, March 10, 2025, at 3:00 p.m. to discuss the scheduling of further proceedings.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of February, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE