## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ACCELLIX, INC.,

    Plaintiff,

v.                                                     Case No.: 8:25-cv-440-TPB-AEP

CHRISTIAN AGUILERA-SANDOVAL,

    Defendant.

_____/

## **ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Christian Aguilera-Sandoval ("Defendant"), hereby answers Plaintiff, Accellix, Inc.'s ("Plaintiff") Complaint, and presents his defenses and affirmative defenses, as follows:

### **ANSWER**

### **Introduction**

1. Defendant admits that Plaintiff developed an automated cell phenotyping platform. To the extent not expressly admitted herein, denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

### **Jurisdiction, Parties, and Venue**

7. Denied.

8. Admitted.

9. Defendant admits that Plaintiff developed an autoclassification process. To the extent not expressly admitted herein, denied.

10. Admitted.

11. Defendant admits that he created CRBECH Investments, Inc. To the extent not expressly admitted herein, denied.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

## General Allegations

16. Defendant admits that Plaintiff developed an automated cell phenotyping platform. To the extent not expressly admitted herein, denied.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Defendant admits that Defendant's machines automate the process. To the extent not expressly admitted herein, denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Defendant admits that he participated in the autoclassification process. To the extent not expressly admitted herein, denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendant admits that he entered into the Agreement attached as Exhibit A. To the extent not expressly admitted herein, denied.

42. The Agreement speaks for itself.

43. Defendant admits that he remained employed through on or about

November 19, 2024. To the extent not expressly admitted herein, denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendant admits that Plaintiff sent the letter identified therein. To the extent not expressly admitted herein, denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## Count I

55. Defendant incorporates and re-alleges his responses to Paragraphs 1 through 54 as if fully set herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## **Count II**

74. Defendant incorporates and re-alleges his responses to Paragraphs 1 through 54 as if fully set herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

With respect to the unnumbered "Prayer for Relief" Paragraph following Paragraph 79, Plaintiff fails to request any relief and, therefore, the Complaint

must be dismissed. Defendant denies that Plaintiff is entitled to any relief.

All allegations of Plaintiff's Complaint not specifically admitted herein are denied. By way of further answer, Defendant sets forth the following affirmative defenses:

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to the Complaint, reserving the right to timely raise such additional affirmative defenses as may be appropriate in light of developments in this litigation:

### First Affirmative Defense

The Complaint must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the amount-in-controversy requirement for the exercise of diversity jurisdiction is not satisfied.

### Second Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendant. Further, Plaintiff fails to request any relief and, therefore, the Complaint should be dismissed.

### Third Affirmative Defense

Plaintiff filed the Complaint solely for the improper purpose of retaliating against Defendant for engaging in whistleblowing and therefore, it and its counsel are subject to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, which provides: "[a]ny attorney … who so multiplies the

proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

## Fourth Affirmative Defense

Plaintiff's actions constitute an unlawful restraint of trade in violation of Section 5 of the Federal Trade Commission Act and Fla. Stat. §§ 542.18 and 542.335(1)(b).

## Fifth Affirmative Defense

The alleged restrictive covenants are not supported by one or more legitimate business interests justifying the restrictive covenant, as required by Fla. Stat. § 542.335(1)(b). The Florida Legislature warned that "[a]ny restrictive covenant not supported by a legitimate business interest is unlawful and is void and unenforceable."

## Sixth Affirmative Defense

The contractually specified restraint(s) is not reasonably necessary to protect the legitimate business interest or interests justifying the restriction, as required by Fla. Stat. § 542.335(1)(c).

## Seventh Affirmative Defense

The alleged restrictive covenants are not enforceable because they are unreasonable in geographic and/or temporal scope.

## Eighth Affirmative Defense

The alleged restrictive covenants are not enforceable because the Plaintiff

7

committed a prior breach of the agreement by, *inter alia*, terminating Defendant's employment for an unlawful, retaliatory purpose.

### Ninth Affirmative Defense

Plaintiff waived its right to enforce the restrictive covenants and is estopped from asserting a breach due to its own conduct by, *inter alia*, terminating Defendant's employment for an unlawful, retaliatory purpose and engaging in retaliatory selective enforcement.

### Tenth Affirmative Defense

Plaintiff's claims for damages and injunctive relief are barred for failure to mitigate its damages, including by failing to file suit for more than three (3) months.

### Eleventh Affirmative Defense

Plaintiff's claims for damages and injunctive relief are barred in part or in part because Plaintiff's alleged trade secrets and proprietary information are in the public domain and/or are readily ascertainable, and Plaintiff does not in fact own the information it seeks to protect.

### Twelfth Affirmative Defense

Plaintiff's claims for damages and injunctive relief are barred because Plaintiff comes with unclean hands by, *inter alia*, terminating Defendant's employment for an unlawful, retaliatory purpose and engaging in retaliatory selective enforcement.

### Thirteenth Affirmative Defense

Count II of the Complaint is due to be dismissed. Under Florida law, "an employee does not violate his duty of loyalty when he merely organizes a corporation during his employment to carry on a rival business after the expiration of his employment." *Fish v. Adams*, 401 So. 2d 843, 845 (Fla. 5th DCA 1981).

### Fourteenth Affirmative Defense

The Complaint is due to be dismissed. Under Florida law, "an employee may take with him [information] that he himself has developed." *Fish v. Adams*, 401 So.2d 843, 845 (Fla. 5th DCA 1981). The Complaint fails to allege what, if any, "confidential" information was purportedly taken and whether it was information that the Defendant himself developed and, therefore, was legally permitted to take.

### Fifteenth Affirmative Defense

Plaintiff's claims are due to be dismissed because Plaintiff fails to allege, other than in a conclusory manner, that it has suffered any damages resulting from any purported breach (which it has not).

### Sixteenth Affirmative Defense

Plaintiff's demand for recovery of attorneys' fees must be stricken and/or denied because, *inter alia*, it fails to set forth: (a) any contractual or statutory basis for an award; (b) why the Defendant should be obligated to pay the award; and (c) any obligation of Plaintiff to pay its attorney.

Defendant reserves the right to amend its Answer and Affirmative Defenses as the claims of Plaintiff are more specifically disclosed in litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, Defendant prays this Court enter judgment as follows:

1. Ordering Plaintiff take nothing by this action;

2. Dismissing Plaintiff's Complaint and any claim therein in its entirety with prejudice;

3. Ordering judgment be entered in the Defendant's favor;

4. Awarding the Defendant his attorneys' fees against Plaintiff pursuant to contract and Fla. Stat. § 542.335;

5. Awarding costs to the Defendant; and

6. Awarding Defendant such other relief to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
**CANTRELL SCHUETTE, P.A.**
401 E. Jackson St, Ste 2340
Tampa, FL 33602
Phone: (877) 858-6868
jplechn@jaylechner.com
jlechner@caklegal.com
admin@jaylechner.com
*Lead Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 21st day of March, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of filing via electronic mail to all counsel of record.

                                              */s/ Jay P. Lechner*
                                              Attorney